## Illinois Central R. R. Co. v. Howard and Callahan

(Decided February 18, 1913.)

### Appeal from Fulton Circuit Court.

1.    Carriers—Of Live Stock—Liability for Injuries to Stock in Course of Carriage—Burden of Proof.—Where live stock is not accompanied by the owner or his agent, and it is injured in transit, it is incumbent upon the owner to show that the stock when delivered to the carrier was in good condition, and when received from the carrier was in a damaged condition. Thereupon the burden shifts and it devolves upon the carrier to show that the cars in which the stock were shipped were in good condition and suitable for that purpose, were handled with reasonable dispatch, and were not subjected to any rough or improper treatment during the journey, and the carrier must in addition satisfactorily account for the injured condition of the stock, and unless the carrier can show that such injury was due to some inherent vice of the animal, the fact that it was injured will be accepted as *prima facie* evidence of negligence on its part.

2.    Evidence—Opinion Evidence.—A witness who is familiar with the method of carrying stock by railroad and who is an experienced stock man, may give his opinion that stock delivered to a carrier

in good condition and received in bad condition were injured by improper handling in the course of their carriage.

ROBBINS & THOMAS, R. G. ROBBINS, TRABUE, DOOLAN & COX, for appellant.

HERSCHEL T. SMITH, for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

To recover damages for injuries sustained by three of the horses out of a carload that was shipped by appellees from Tamora, Illinois, to Fulton, Kentucky, over the line of railway of the appellant company, this action was brought. A trial resulted in a judgment in favor of appellees for $200, and the railroad company appeals.

The evidence shows that the horses were delivered to the company at the initial point of shipment in good condition and safely loaded in a good car, but that when they reached the point of destination three of them were badly crippled and scarred, and there was no evidence that the injuries were due to the viciousness of the animals or to any other cause except negligence in their transportation. As neither the appellees nor any one representing them accompanied the horses, the burden of proof was upon the railroad company to show that the injury to the horses was not caused by its negligence in their carriage, and this it did not satisfactorily do.

The case of L. & N. R. R. Co. v. Cecil, 145 Ky., 271, relied on by counsel for appellant as putting the burden of proving negligence in a case like this on the shipper, and which counsel insist entitled the company to a directed verdict in its favor, was explained in Illinois Central Railroad Co. v. Word, 149 Ky., 229, and the rule announced that "where the live stock is not accompanied by the owner or his agents or representatives and injury results in transit, it is incumbent upon the owner to show that the stock when delivered to the carrier was in good condition, and when received from the carrier at the destination was in a damaged or injured condition. Thereupon the burden shifts and it devolves upon the company to show that the cars in which the stock were shipped were in good condition and suitable for that purpose, were handled with reasonable dispatch, and were not subjected to any rough or improper treatment during the journey, and the company must in addition satisfactorily account for the injured condition of the stock, and unless the carrier can show that such injury is due

to some inherent vice of the animal, the fact that it was injured will be accepted as *prima facie* evidence of negligence on the part of the carrier.'' To the same effect is McCampbell v. Louisville & Nashville Railroad Co., 150 Ky., 723.

Under the authority of this case, which is sound in principle and supported by abundant authority the court did not err in submitting the case to the jury nor did the jury make any mistake in finding the company guilty of negligence, or in fixing the amount of the recovery.

Another error assigned is that one of the appellees was allowed, over objection, to say in answer to this question: ''From the way those horses were loaded, if they had been properly handled, would there have been any injury to them?'' A. ''No, sir; none in the world. It was a good load; they were in good shape and had a good bed.'' It is argued that it was error to allow this witness to express his opinion as to what caused the injury to the stock, and said that the witness in being permitted to answer this question invaded the province of the jury by expressing his conclusion in place of stating the facts and leaving it to the jury to reach from the facts their own conclusion.

It was incumbent on appellees to show the condition of the horses when delivered to the carrier and their condition when received from the carrier, and for the purpose of showing that the injuries to the horses were received during the time they were in the custody of the carrier, it was not inadmissible to permit the witness to express the opinion that if they had been properly handled in carriage they could not have been injured, in view of the fact that this witness was an experienced stock man and familiar with the method of carrying stock by railroad.

The judgment is affirmed.